**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEO W. LAWTON, JR. et al** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-3294** |
| | : | |
| **WELLS FARGO BANK, N.A. et al** | : | |

**MCHUGH, J.**                                                                                   **March 16, 2023**

<u>**MEMORANDUM**</u>

In this action, *pro se* Plaintiffs Kimberly Lawton and Leo W. Lawton Jr. assert several claims alleging that their mortgage agreement is fraudulent.  Although Plaintiffs sued four defendants, their pleadings include only minimal allegations against one Defendant – Wells Fargo – and no factual allegations against the remaining three.  Even under the lenient pleading standards afforded to *pro se* litigants, the Complaint fails to state a claim.  As a result, I will grant the Defendants' motions to dismiss.

**I.        Relevant Background**

Plaintiffs' *pro se* Complaint is extremely sparse.[1]  From the minimal context provided in the Complaint, I can discern that Plaintiffs Kimberly Lawton and Leo W. Lawton Jr. represent that they purchased a home from Wells Fargo in Lansdowne, Pennsylvania in 2008.[2]  Compl., ECF 1

---

[1] Plaintiffs provide some additional detail in their "Objection to Mnaley, Deas & Kochalski LLC Memorandum," ECF 16, but I cannot consider these facts when ruling on Defendants' Motions.  *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993) (holding that courts may only consider "allegations contained in the complaint, exhibits attached to the complaint and matters of public record" in ruling on a motion to dismiss).

[2] Wells Fargo responds that it did not become involved with the Lawtons until September 1, 2011, when their original mortgagee assigned the Lawtons' mortgage to Wells Fargo.  Indeed, the original mortgage, of which I may take judicial notice  as a publicly recorded document, was executed to Mortgage Electronic Registration Systems, Inc. as a nominee for Superior Home Mortgage Corp.  *See Stone v. JPMorgan Chase*

at 4.  According to Plaintiffs, the deed to that property was conveyed to Kimberly Lawton on June 2, 2008, as a "Warranty Deed . . . with no mortgages, liens or conditions."  *Id.* at 8.  Closing on the house occurred about one month later and, although the mortgage agreement is allegedly dated for that same day, Plaintiffs assert that neither the mortgage agreement nor the deed were presented to them.  *Id.*  Nonetheless, the conveyance of the deed was insured, and the deed itself was delivered to Ms. Lawton a few months later.  *Id.*

According to Plaintiffs, a subsequent title investigation on the property revealed defects in the chain of title.  *Id.*  Plaintiffs further assert that, because the deed and the mortgage agreement were not presented at settlement and closing for review, the documents "cannot stand with the mortgage agreement."  *Id.*  Plaintiffs seem to claim that the discrepancy in the timing of the conveyance, the closing/mortgage agreement, and delivery of the deed is evidence of fraud, and that the only other possible explanation is that Ms. Lawton "attempt[ed] to resell the house back to herself."  *Id.*  As a result, Plaintiffs contend that Wells Fargo is the perpetrator of mortgage fraud and that the mortgage agreement is void.  *Id.* at 8-9.

A pending state court docket (No. CV-2018-6187 in Delaware County)[3] reveals that Wells Fargo initiated a foreclosure proceeding against Kimberly Lawton in August 2018.  After Wells Fargo effectuated service and the Lawtons failed to respond, the court entered an order of default judgment and a writ of execution in mortgage foreclosure.  One year later, Ms. Lawton entered an appearance in the action and filed her first petition to postpone the Sheriff's sale.  It appears that,

---

*Bank, N.A.*, 415 F. Supp. 3d 628, 631 n.1 (E.D. Pa. 2019) (McHugh, J.) (taking notice of a mortgage assignment record); *see also* Fed. R. Evid. 201(b) (permitting notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *United States ex rel. Spay v. CVS Caremark Corp.*, 913 F. Supp. 2d 125, 139 (E.D. Pa. 2012) (Buckwalter, J.) ("On a motion to dismiss, courts take judicial notice of documents which are matters of public record.").

[3] I may take judicial notice of the contents of another Court's docket.  *Orabi v. Att'y General of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014).

in September 2021, UMB Bank was substituted into the action for Wells Fargo, and Wells Fargo was dismissed as a party.  Although the date of the Sheriff's sale is not apparent from the state court docket, Ms. Lawton filed an affidavit of truth on September 27, 2022, which was construed as a petition to set aside the sale.  According to my review of the docket, as of March 16, 2023, the foreclosure action is still pending.

Plaintiffs filed this Complaint in August 2022, asserting several federal constitutional, criminal, and civil claims.  Defendants Wells Fargo, UMB Bank, and Manley, Deas, and Kochalski LLC ("MDK") each filed a Motion to Dismiss.  *See* ECF 7, 9, 13.  Plaintiffs also sued a fourth Defendant, Justin F. Kobeski, who represented Wells Fargo in the state court foreclosure proceeding.  In December 2022, Plaintiffs moved for an extension of time to serve Mr. Kobeski, which I granted.  *See* ECF 15, 17.  Plaintiffs have still not provided any evidence of service.

## II.    Legal Standard

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

## III.    Discussion

Plaintiffs' central allegation challenges the validity of their mortgage agreement, attaching a great deal of significance to the fact that the agreement was not presented to them at closing. From here, Plaintiffs attempt to argue a host of claims.  Unfortunately, their claims are impenetrable and, to the extent that sense can be made of them, no count presents a cognizable claim.  I will thus grant Defendants' motions to dismiss.  As to the non-moving Defendant, Plaintiffs' claims will be dismissed under Federal Rule of Civil Procedure 4(m) for failure to effectuate service.

### A.  Plaintiffs fail to state a claim against Wells Fargo, UMB Bank, and MDK.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although "detailed factual allegations" are not required, Plaintiffs must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; indeed, they must include "factual enhancements" and not just "labels and conclusions" to beat dismissal.  *Id.* (cleaned up); *see Fung v. Wells Fargo Bank*, No. 20-1099, 2022 WL 475813, at *4 (D.N.J. Feb. 16, 2022) ("To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible.").  Courts holds *pro se* pleadings, however, "to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

In this case, even under the more liberal pleading standard afforded to *pro se* litigants, Plaintiffs do not present sufficient factual matter to state a claim for relief.  As to UMB Bank and MDK, Plaintiffs fail to assert any factual allegations whatsoever, listing these parties as defendants and then neglecting to mention them again.  Plaintiffs' Complaint is thus insufficient and those motions to dismiss will be granted.  *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("[P]ro se litigants still must allege sufficient facts in their complaints to support a claim."); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (same).  And while Plaintiffs do at least name Wells Fargo in their Complaint as a perpetrator of mortgage fraud, their factual allegations remain almost negligible.[4]  Moreover, several of Plaintiffs' legal claims provide no

---

[4] For example, Wells Fargo is named in Plaintiffs' "statement of claim," but Plaintiffs do not directly attribute the conduct described in counts one through four to Wells Fargo or, for that matter, to any other defendant.  Nonetheless, reading the Complaint liberally, I find the allegations within these individual counts are intended to be lodged against Wells Fargo, who, notably, interprets the Complaint that way as well.

cognizable cause of action, likewise warranting dismissal.  Having found dismissal of all claims appropriate under Rule 12(b)(6), I will not reach Defendants' remaining arguments.[5]

### 1. *Mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, 1344*

In their first claim under the mail and wire fraud statutes, Plaintiffs assert a "jurisdictional challenge"[6] alleging a right to property along with a "forgery" claim alleging that Defendant (1) stole a consumer's identity for profit, (2) "fraudulent[ly] manipulat[ed]" states courts in Texas and Pennsylvania, and (3) "transport[ed] illegal documents" across state lines.  Compl., ECF 1 at 6.

Preliminarily, to the extent that Plaintiffs are "bringing claims pursuant to federal criminal statutes, [they have] failed to state a claim because such statutes do not give rise to civil liability." *Newsuan v. Newsuan*, No. 12-6043, 2012 WL 5431958, at *2 (E.D. Pa. Nov. 7, 2012) (Slomsky, J); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").  Neither the federal statutes for mail fraud nor wire fraud, which Plaintiffs cite, nor the statute for forgery, confer a private cause of action unto litigants.  *See, e.g., Kenny v. Porrino*, No. 18-2729, 2020 WL 919703, at *3 n.6 (D.N.J. Feb. 26, 2020) (no cause of action under §§ 1341 and 1343); *Brown v. Demchak*, No. 21-1185, 2021 WL 4552964, at *3 (W.D. Pa. Oct. 5, 2021) (no cause of action under § 1344); *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002) (no cause of action for forgery).

Further, even if I construed this claim as one for civil fraud, Plaintiffs cannot meet the heightened pleading standard of Fed. R. Civ. P. 9(b).  Rule 9(b) provides that "a party must state with particularity the circumstances constituting fraud or mistake."  *Foglia v. Rental Ventures*

---

[5] I add only that the scope of the *Rooker-Feldman* doctrine continues to be in flux, and likely does not apply in a case such as this, where the underlying injury appears to be caused by an allegedly fraudulent mortgage agreement and not the state court's default judgment in the pending foreclosure action.  *See Vuyanich v. Smithton Borough*, 5 F.4th 379, 385-86 (3d Cir. 2021).

[6] Plaintiffs raise a separate "jurisdictional challenge" under the Fifth Amendment, which I address below.

*Management LLC*, 754 F.3d 153, 155 (3d Cir. 2014); *see Kaul v. Christie*, 372 F. Supp. 3d 206, 229 (D.N.J. 2019) (finding that *pro se* plaintiffs with fraud claims are "not exempt from meeting the heightened pleading requirements of Rule 9(b)").  As the Third Circuit has explained, a plaintiff alleging fraud must support its allegations "with all of the essential factual background that would accompany the first paragraph of any newspaper story – that is, the who, what, when, where, and how of the events at issue."  *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002) (cleaned up); *see Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004) (explaining that Rule 9(b) requires plaintiffs to give defendants notice of the "precise misconduct with which they are charged," including "who made a misrepresentation to whom and the general content of the misrepresentation") (citations omitted).  Minimally, plaintiffs must plead: (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his or her damage.  *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 270 (3d Cir. 2006) (citations omitted).

Applying the standard set forth in Rule 9(b) – and considering both Plaintiffs' statement of the case and the specific language included in count one – I conclude that Plaintiffs have not pled the elements of fraud with the requisite specificity.  Their vague claims of "mortgage fraud," "stealing a consumer's identity," and "transporting illegal documents" do not provide the "who, what, when, where, and how" of these alleged events, and they do not identify a specific misrepresentation of material fact or the person who made it.  Plaintiffs' statements regarding the failure to present the deed at closing shed no further light on their allegations, as they neglect to specify the content of a particular misrepresentation made.  Because there is simply not enough information for me to piece together the basic facts of a claim, this count must be dismissed.

2.  *Embezzlement in violation of 18 U.S.C. § 31*

Plaintiffs next allege that Defendant received money "through deceptive practices and by way of misrepresenting a consumer . . . for financial gain."  Compl., ECF 1 at 6.  They further allege that Defendant "purchas[ed] a home in the name of Kimberly Lawton by falsifying documents."  *Id.*  Although Plaintiffs cite 18 U.S.C. § 31 for "embezzlement and theft" in support of their claim, there is no such crime in that section of the United States Code.  Had Plaintiffs cited the correct criminal statute, there would still be no private cause of action and thus no cognizable claim.  *See Boyd v. Wilmington Trust Co.*, 630 F. Supp. 2d 379, 384-85 (D. Del. 2009) (confirming that there is no private cause of action under the criminal statutes for theft and embezzlement).  And, even if I interpreted this count as one for fraudulent misrepresentation, there would still be insufficient facts plead under Rule 9(b).[7]  This claim is thus dismissed.

3.  *Conspiracy to commit fraud in violation of 18 U.S.C. § 371 and forgery in violation of 18 U.S.C. § 471*

Under this count, Plaintiffs allege that Wells Fargo perpetrated a "conspiracy to commit fraud upon the United States" by using Housing and Urban Development programs, acquiring mortgages under false pretenses, and falsifying documents to close on those properties.  Compl., ECF 1 at 6.  Plaintiffs also allege a "mis-appropriation [sic] of government funds through FHA programs."  *Id.*

Once again, the statutes that Plaintiffs cite are criminal statutes that do not contain private rights of action.  *See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511

---

[7] To the extent Plaintiffs intended to bring a claim for conversion or civil embezzlement, the claim itself is opaque at best, and it is not this Court's job to articulate a claim on behalf of a pleading party.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."); *Freeman v. Allentown School District*, No. 19-4336, 2019 WL 4805224, at *2 (E.D. Pa. Oct. 1, 2019) (Leeson, Jr., J.) ("[T]he Court should not attempt to rewrite the pleadings to include claims that were never presented, nor must the Court explore exhaustively all potential claims of a *pro se* plaintiff.") (cleaned up).

U.S. 164, 190 (1994) (refusing to recognize private rights of action "from a criminal prohibition alone"); *Luckett*, 290 F.3d at 497 (no cause of action for forgery); *McCann v. Falato*, No. 14-4869, 2015 WL 6445859, at *3 (D.N.J. Oct. 23, 2015) (no cause of action under 18 U.S.C. § 371). Moreover, Plaintiffs cite to the federal statute criminalizing counterfeiting, 18 U.S.C. § 471, but bring no allegation of such misconduct.  Construing this count as civil fraud will also not save Plaintiffs' claims, as it would still fail under Rule 9(b).  Additionally, even if Plaintiffs' claim under the criminal conspiracy statute is construed as one for civil conspiracy, Plaintiffs' claim would not survive.  To plead a civil conspiracy claim, plaintiffs must make "specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events."  *Hammond v. Creative Fin. Planning Org., Inc.*, 800 F. Supp. 1244, 1249 (E.D. Pa. 1992) (Huyett, J.).  Here, Plaintiffs simply do not plead any specifics about an agreement or understanding among Defendants – they do not even name those allegedly involved – and instead make only conclusory allegations of wrongdoing.  As a result, Plaintiffs' conspiracy claim is dismissed.

### 4.  *Denial of due process in violation of the Fifth Amendment*

Plaintiffs next raise a claim for violation of due process under the Fifth Amendment.  The "jurisdictional challenge" that Plaintiffs assert here is difficult to comprehend but seems to challenge Defendant's standing and its rights to the Lansdowne property.  Regardless of how Plaintiffs describe this claim, it is dismissed because, as a private entity, Wells Fargo is not constrained by the Fifth Amendment.  *See Nguyen v. U.S. Catholic Conference*, 719 F.2d 52, 54 (3d Cir. 1983) ("The limitations of the fifth amendment restrict only federal government action and not the actions of private entities.").  Civil suits for damages under the Fifth Amendment may only be brought against federal officials.  *See Davis v. Passman*, 442 U.S. 228, 230, 233 (1979) (finding a cause of action for damages under the Fifth Amendment against federal officials);

*Correctional Services Corp. v. Malesko*, 534 U.S. 61, 71, 74 (2001) (limiting *Passman* to suits against individual federal officials).

        5.   *Civil rights violations under the Fair Housing Act and Fifth Amendment*

        In count five, Plaintiffs state that they are African Americans who "were targeted before the alleged date of sale July 10, 2008 and used in a scheme to acquire financing through public governmental agencies." Compl., ECF 1 at 6. Further, they aver that Wells Fargo "took advantage of unexpecting minority homeowners." *Id.* Plaintiffs allege that these actions violated their rights under the Fifth Amendment and the Fair Housing Act (FHA). *Id.*

        Any Fifth Amendment claim is barred, as discussed above. Further, Plaintiffs have not adequately pleaded an FHA claim. To establish a violation of the FHA, a plaintiff "can show either discriminatory treatment or discriminatory effect alone, without proof of discriminatory intent." *Doe v. City of Butler, Pa.*, 892 F.2d 315, 323 (3d Cir. 1989) (citations omitted and cleaned up). Here, given the dearth of information regarding the allegedly fraudulent mortgage, it is not clear *how* Defendants discriminated against Plaintiffs. Indeed, Plaintiffs received a mortgage and bought their home without issue. It is not until now, over a decade later, that they raise claims about discriminatory conduct but without specifying the kind of differential or adverse treatment to which they were subject. *See Carter v. Hamilton Affordable Housing, LLC*, No. 09-2399, 2009 WL 3245483, at *4-5 (D.N.J. Oct. 6, 2009) (requiring, for example, a plaintiff pleading racial discrimination under the Fair Housing Act to show that similarly situated residents of a different race were treated differently). Even though Plaintiffs plead a protected class, I cannot discern without more factual context any (1) intentional discrimination or (2) discriminatory effect. Plaintiffs' FHA claim is therefore dismissed.

6. *Violations of RICO and the Civil Rights Act*

Lastly, Plaintiffs allege violations of RICO and the Civil Rights Act, claiming that Wells Fargo "created a [c]onsortium of businesses" to "corrupt and deceive" minorities benefitting from government programs. Compl., ECF 1 at 7. Further, they state that Wells Fargo used "an array of financial institutions to support their agenda" of orchestrating mortgage fraud. *Id.*

Plaintiffs' civil rights claim fails in part because they do not identify the particular statutory provision that they maintain was violated. *See Wardlaw v. City of Phila.*, No. 21-1942, 2022 WL 717258, at *6 (E.D. Pa. Mar. 10, 2022). But even if they had, there are insufficient facts pled to make out a civil rights violation.

Additionally, Plaintiffs argue that Wells Fargo violated the RICO Act, which creates criminal and civil liability for any person who:

> uses or invests income derived "from a pattern of racketeering activity" to acquire an interest in or to operate an enterprise engaged in interstate commerce, § 1962(a); who acquires or maintains an interest in or control of such an enterprise "through a pattern of racketeering activity," § 1962(b); who, being employed by or associated with such an enterprise, conducts or participates in the conduct of its affairs "through a pattern of racketeering activity," § 1962(c); or, finally, who conspires to violate the first three subsections of § 1962, § 1962(d).

*H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 232-33 (1989); *see* 18 U.S.C. § 1962. Under any of the four provisions, Plaintiffs' claims fail.

First, Plaintiffs cannot plausibly allege a "pattern of racketeering activity" because they only reference one purportedly fraudulent transaction. *See* 18 U.S.C.§ 1961(5) (explaining that a "pattern of racketeering activity" requires "at least two acts of racketeering activity" within a ten-year period); *Banks v. Wolk*, 918 F.2d 418, 421 (3d Cir. 1990) ("[N]o defendant can be liable under RICO unless he participated in two or more predicate offenses sufficient to constitute a pattern."). Moreover, "to prove a pattern . . . a plaintiff or prosecutor must show that the racketeering

predicates are related, and that they amount to or pose a threat of continued criminal activity." *United States v. Bergrin*, 650 F.3d 257, 266-67 (3d Cir. 2011) (citation omitted and cleaned up); *see Jung v. Bank of Am., N.A.*, No. 3:16-CV-00704, 2016 WL 5929273, at *10 (M.D. Pa. Aug. 2, 2016) (dismissing RICO claim where "allegedly fraudulent mortgage and foreclosure on which Plaintiff bases her RICO claim constitutes a single transaction directed at a single piece of property affecting only Plaintiff"). Here, while Plaintiffs vaguely refer to a consortium of businesses that "deceive[s] targeted groups of people," they reference only one fraudulent transaction throughout the Complaint and establish no threat of continued criminal activity. Without establishing any other racketeering activities outside of their own allegedly fraudulent mortgage agreement, Plaintiffs' claim falls short of meeting the RICO requirements.[8]

Second, Plaintiffs have not adequately alleged the existence of a RICO enterprise. An enterprise includes "any union or group of individuals associated in fact," and "reaches 'a group of persons associated together for a common purpose of engaging in a course of conduct.'" *Boyle v. United States*, 556 U.S. 938, 944 (2009) (citing *United States v. Turkette*, 452 U.S. 576, 580 (1981)). Such an enterprise "is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit . . . separate and apart from the pattern of activity in which it engages." *Turkette*, 452 U.S. at 583. "[A]n association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle*, 556 U.S. at 946.

---

[8] Not only that but, because fraud is the predicate act of their RICO claim, Plaintiffs also must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which they have failed to do. *See Warden v. McLelland*, 288 F.3d 105, 114 (3d Cir. 2002); *Lum*, 361 F.3d at 223–24.

Here, Plaintiffs fail to identify specific individuals or parties associated with an enterprise, the relationships between them, or how any entity participated in the management, direction, or operation of the purported enterprise. *See Univ. of Md. at Baltimore v. Peat, Marwick, Main & Co.*, 996 F.2d 1534, 1539 (3d Cir. 1993); *Alejandro v. Freedom Mortgage Corp.*, No. 22-900, 2022 WL 3913550, at *3 (E.D. Pa. Aug. 30, 2022) (McHugh, J.).  Plaintiffs vaguely allege that Defendant "created a [c]onsortium of businesses," but do not describe this consortium in any detail, failing to name parties involved or describe how it is organized.  Compl., ECF 1 at 7.  In the absence of a properly pleaded enterprise, Plaintiffs' RICO claim necessarily fails.

**B. Plaintiffs' Complaint against Mr. Kobeski must be dismissed for failure to effectuate service.**

In addition to failing to state a claim, Plaintiffs' Complaint against Defendant Justin F. Kobeski must also be dismissed for failure to effectuate service. *See* Fed. R. Civ. P. 4(m).  I have already provided Plaintiffs with an extension of time to serve Mr. Kobeski.  ECF 17.  Because that extension expired on January 21, 2023, and Plaintiffs have still not provided proof of service, Federal Rule of Civil Procedure 4(m) requires me to "dismiss the action without prejudice."

**IV.   Conclusion**

For the reasons set forth above, Defendants' Motions to Dismiss are granted.  Because Plaintiffs bring counts one through four of their Complaint pursuant to statutes and constitutional provisions that do not give rise to private causes of actions against non-governmental defendants, they will be dismissed with prejudice.  Although counts five and six are dismissed without prejudice, Plaintiffs are cautioned that Rule 11(b) of the Federal Rules of Civil Procedure applies with equal force to *pro se* litigants as well as to lawyers.  An appropriate order follows.

   /s/ Gerald Austin McHugh
United States District Judge